Bergan, J.
There are cases where, to be consistent, a jury must take fully one or the other of the adverse claims of litigants and return a verdict accordingly. Implicit in the arguments on this appeal is the question of verdict consistency in a negligence action.
At a very sharp curve on the highway in Sullivan County between Ellenville and Wurtsboro, a collision occurred on a slippery winter day between a tractor-trailer truck owned by defendant Provan and operated by defendant Fornal, and a passenger automobile owned and driven by Raymond Flagg, the plaintiff’s husband, in which plaintiff was riding.
Both Flagg and his wife, the plaintiff here, sued the defendants and the actions were tried together. The jury’s verdict was in favor of the wife for $5,000; but on the husband-driver’s action its verdict was for the defendants.
It is not easy to find any middle ground in the adverse theories of this occurrence. Mr. Flagg was proceeding south, with the curve bending to his right; Mr. Fornal, going north, found the curve bending to his left. Flagg said the truck, cutting the curve short, was on its left side of the road; Fornal said the passenger car, failing to negotiate the curve, was on its left side of the road. These are the negligent acts claimed on each side.
The jury, in reaching a verdict for the passenger wife, necessarily found that the truck was on the wrong side of the road, a finding which it could well have made on the record had it accepted this plaintiff’s factual contention, concerning which we see nothing improbable. It is a finding well within the frame of the record. •
But in finding against the husband driver, it had to have found either that Fornal was not negligent, i.e., that he was not on the wrong side of the road when the accident occurred, which would be utterly inconsistent with the verdict it was then rendering for the wife necessarily based on finding that Fornal was on the wrong side; or that the driver Flagg had not established by a fair preponderance of the evidence that he was himself free from negligence. This would ordinarily be taken to mean that the driver Flagg had not satisfied the jury that he was on his own side of the road when the accident occurred.
Both driver and passenger had the same burden to establish the negligence of defendants; but it is important to notice that the jury could have drawn no distinction on the point of defendants ’ negligence between the two plaintiffs’ cases. Since the cases were tried together, each plaintiff was entitled to all the beneficial effect of all the testimony on joint trial, that offered *210 by a coplaintiff as well as any other, under the now familiar rule. For this reason the jury could not have found that the passenger had established defendants ’ negligence satisfactorily, but the driver had not established it satisfactorily.
The possibility of resolving the seeming inconsistency and of sustaining the verdict of the plaintiff passenger exists in the difference of the burden of proof on freedom from contributory negligence. Since the plaintiff driver was a responsible actor in the situation which led to the accident, the jury were at liberty to scrutinize very closely his approach to the scene and what he did there to determine whether he produced a preponderance of evidence that meant nothing short of full exoneration from all negligent blame for the accident.
If the driver did not go this far with his proof, as the jury viewed it, it was within the jury’s function and competency to find against him. Juries do not have to make an explanation of what is not enough to satisfy them on a matter of weight and preponderance, even though a very strong argument may be made that they ought well to be satisfied.
While it must be assumed that the accident happened on the wrong side of the road for defendants, still there is some possible latitude in the case for the jury to say that the speed of the driver’s approach toward an obvious sharp curve on a slippery day became a factor in the collision and that his control was not the control of a reasonably prudent man in those circumstances, or at least that the driver did not persuade them that it was, which amounts to the same thing, since this was his burden in the case. On this, the defendants had the benefit of all the inferences favorable to them on the whole case, including the plaintiff driver’s explanation.
There are, no doubt, accident cases depending on factors so mutually exclusive in their occurrence that a difference in burden of proof would have no effect and the decision would have to be one way or the other as to all parties affected. But an accident with every factor rigidly resolved is rare, and this is not one of them. .,,
Moreover, the single verdict considered on this appeal, standing on its own record, is fully supported by the evidence. There is a presumption of adequate consideration attaching to it; and the verdict rendered at the same time is neither so necessarily nor so eompellingly inconsistent as to require interference with this verdict. To invalidate it for inconsistency with another verdict would call for full legal analogy.
*211 We see no error in the court’s categorical answer to the jury’s question on a point previously treated in the charge; the answer was technically right and the exception taken suggests disagreement with the answer rather than a need for amplification, and did not indicate to the judge that counsel felt the form of answer given was not ample enough. We think the verdict is not excessive on the record.
The judgment and order appealed from should he affirmed, with costs.
Foster, P. J., Heffernan, Brewster and Deyo, JJ., concur.
Judgment and order affirmed, with costs.